UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM M. PARRA, Trustee of the Laura E. Parra Revocable Trust Dated September 9, 1994, as amended,<br><br>          Plaintiff,<br><br>v.<br><br>JUDITH ERIKA PARRA, an individual; ERIKA PARRA, Trustee of the Judith Erika Parra and Jose Miguel Parra Trust dated March 13, 2020, and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.:  20-cv-839-DMS-JLB<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, (2) GRANTING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS, AND (3) GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIM** |
| JUDITH ERIKA PARRA, an individual; ERIKA PARRA, Trustee of the Judith Erika Parra and Jose Miguel Parra Trust dated March 13, 2020; ERIKA PARRA in her capacity as Executor of the Estate of Jose Miguel Parra,<br><br>         Third-Party Plaintiffs,<br><br>v.<br><br>TERESA M. GILLIS, an individual, and the LAW OFFICE OF TERESA M. | |

GILLIS, a California entity, and ZOES 1-25, inclusive,

           Third-Party Defendants.

Pending before the Court are two motions to dismiss Plaintiff's First Amended Complaint ("FAC"): one filed by Defendants Judith Erika Parra and Erika Parra as Trustee of the Judith Erika Parra and Jose Miguel Parra Trust dated March 13, 2020 ("Defendants"), and one filed by Third-Party Defendants Teresa M. Gillis and the Law Office of Teresa M. Gillis ("Third-Party Defendants").  Also pending before the Court is Defendants' motion for leave to file a counterclaim. The motions have been fully briefed. For the following reasons, the Court grants the motions to dismiss, and grants the motion for leave to file a counterclaim.

## I.

## BACKGROUND

This case arises out of a dispute regarding the real property at 6731 Vigo Drive, La Mesa, California 91942 (the "Property"),[1] which was owned by the Laura Parra Revocable Trust (the "LP Trust").  (FAC ¶¶ 9–10.)  Laura Parra, the settlor of the LP Trust, died on March 1, 2020. (*Id.* ¶ 11.)  Plaintiff Adam M. Parra is Laura Parra's son, and upon her death, he assumed the office of Trustee of the LP Trust, pursuant to the terms of the LP Trust. (*Id.*)  The LP Trust named as beneficiaries Laura Parra's two children, Plaintiff Adam M. Parra and his brother Jose Miguel Parra ("Mike Parra").  (*Id.* ¶ 12.)  The LP Trust's terms directed Plaintiff to sell the Property and distribute the net sale proceeds to the trust's beneficiaries.  (*Id.* ¶ 13.)

---

[1] The Property has the following legal description: "Lot 92 of Rolando Knolls, Unit No. 5, in the County of San Diego, State of California, according to map thereof No. 2492, filed in the Office of the County Recorder of San Diego County, December 17, 1952. (FAC ¶ 10.)

At the time of Laura Parra's death, Mike Parra was terminally ill. On or about March 13, 2020, Mike Parra and his wife, Judith Erika Parra ("Erika Parra"), established a trust (the "JEP Trust"). (*Id.* ¶ 14.) On or about March 30, 2020, Mike Parra executed a grant deed purporting to transfer the Property to the JEP Trust ("the Grant Deed"). (*Id.* ¶ 15.) Plaintiff alleges Mike Parra did not own the Property nor have any interest in it when the Grant Deed was executed. (*Id.* ¶ 16.) Shortly thereafter, on April 3, 2020, Mike Parra died and Erika Parra became sole trustee of the JEP Trust. (*Id.* ¶ 17.) On April 6, 2020, the Grant Deed was recorded in the Office of the San Diego County Recorder. (*Id.* ¶ 18; Ex. 2 to Decl. of Rochelle J. Bioteau.)[2]

Based on these alleged facts, Plaintiff filed this diversity action on May 4, 2020.[3] (ECF No. 1.) On July 29, 2020, the Court issued an order cancelling the Grant Deed pursuant to the joint motion of the parties. (Order Granting Joint Mot. for Cancellation of Deed, ECF No. 11.) In October of 2020, the Property was sold to a third-party buyer, a fact which the parties do not dispute, notwithstanding the FAC's allegation that the Property is still owned by the LP Trust. (Ex. 6 to Decl. of Rochelle J. Bioteau, ECF No. 45-2; *see* FAC ¶ 10).[4] On December 16, 2020, Defendants filed a Third-Party Complaint against Teresa M. Gillis and the Law Office of Teresa M. Gillis, whom Mike and Erika Parra had retained for estate planning purposes, alleging claims for professional negligence, breach of contract, and breach of fiduciary duty. (ECF No. 26.)

On February 16, 2021, Plaintiff filed a First Amended Complaint ("FAC"), alleging claims for quiet title, fraud, and violation of California Probate Code § 859. (ECF No. 39.)

---

[2] The Court takes judicial notice of the Grant Deed as a public record. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (at motion to dismiss stage, "a court may take judicial notice of 'matters of public record'").

[3] There is complete diversity between the parties—Plaintiff is a citizen of Arizona, and Defendants are citizens of California—and the amount in controversy exceeds $75,000. (FAC ¶ 7.)

[4] The Court takes judicial notice of Exhibit 6 to the Declaration of Rochelle J. Bioteau, which exhibit is a grant deed executed by Plaintiff, conveying the Property to Andrew J. Miller and Stephanie P. Miller, and recorded on October 22, 2020.

Plaintiff seeks injunctive and declaratory relief, damages, costs, and attorneys' fees. Defendants and Third-Party Defendants each filed a motion to dismiss Plaintiff's FAC on March 10, 2021.  (ECF Nos. 44, 45.)  On March 26, 2021, Defendants filed their Answer to the FAC, a Counterclaim, and a motion for leave to file counterclaim.  (ECF Nos. 47, 48, 49.)

## II.

## DISCUSSION

### A. Defendants and Third-Party Defendants' Motions to Dismiss

Defendants and Third-Party Defendants each move to dismiss Plaintiff's FAC, which alleges five causes of action. Plaintiff's fourth and fifth causes of action, which are claims for injunctive and declaratory relief, respectively, are remedies, not causes of action, and the Court construes these allegations accordingly. *See Marlin v. Aimco Venezia, LLC*, 64 Cal. Rptr. 3d 488, 494–95 (Cal. Ct. App. 2007); *Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1219 (S.D. Cal. 2012).  The Court addresses Plaintiff's argument regarding the timing of Defendants' motion before turning to whether Plaintiff has plausibly pled claims for quiet title, fraud, and violation of California Probate Code § 859.

#### 1. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.3d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Under Federal Rule of Civil Procedure 14(a), a third-party defendant "may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim." Fed. R. Civ. P. 14(a)(2)(C). "While the plaintiff and the third-party defendant are not opposing parties, Rule 14 recognizes the derivative nature of the third-party defendant's potential liability and permits it essentially to stand in the defendant's shoes and assert its defenses . . . ." *Beaver v. Tarsadia Hotels*, 315 F.R.D. 346, 349 (S.D. Cal. 2016) (internal quotation marks and citation omitted).

2. Timing of Defendants' Motion

As a threshold matter, Plaintiff asserts that Defendants' present motion to dismiss under Rule 12(b)(6) is procedurally improper because Defendants previously filed an answer to Plaintiff's original Complaint. Plaintiff argues the motion should be denied and that Defendants must file a motion for judgment on the pleadings instead.

Generally, a "Rule 12(b)(6) motion must be made before the responsive pleading." *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) (citing Fed. R. Civ. P. 12(b)(6)). However, the Ninth Circuit has yet to address whether a Rule 12(b)(6) motion may be brought to challenge an amended complaint by a defendant who previously filed an answer to the original complaint. "[M]any other circuits and district courts across the country . . . have held that an amended complaint does not revive the right to file a post-answer motion to dismiss, with the exception that new claims may be attacked." *Brooks v. Caswell*, No. 3:14-CV-01232-AC, 2016 WL 866303, at *3 (D. Or. Mar. 2, 2016); *see Pascal v. Concentra, Inc.*, No. 19-CV-02559-JCS, 2020 WL 4923974, at *2 (N.D. Cal. Aug. 21, 2020) ("[A] defendant may bring a Rule 12(b) motion objecting to an amended complaint only to the extent the challenges asserted in that motion are based on the new matter in the amended complaint."). Nevertheless, the court in *Brooks* noted that some district courts have "exercised their discretion and entertained untimely post-answer

5

motions to dismiss on amended complaints for the sake of judicial economy." 2016 WL 866303, at *4 (citing cases).

Here, between the filing of Plaintiff's original complaint and the FAC, the Grant Deed upon which Plaintiff's claims are based was cancelled, and Plaintiff sold the Property to a third-party buyer. (*See* ECF No. 11; Ex. 6 to Decl. of Rochelle J. Bioteau.) Defendants rely upon these facts in support of their motion to dismiss and thus argue they should be permitted to challenge the FAC by a Rule 12(b)(6) motion. Further, Defendants argue because Third-Party Defendants have also filed a motion to dismiss, judicial economy counsels that the Court should address both motions now, rather than require Defendants to wait and file a motion for judgment on the pleadings.

"District courts in this circuit can treat improperly filed motions to dismiss as motions for judgment on the pleadings," *Daimler AG v. A-Z Wheels LLC*, No. 16-CV-875-JLS (MDD), 2017 WL 9854427, at *2 (S.D. Cal. Nov. 27, 2017) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)), and a motion to dismiss and a motion for judgment on the pleadings are analyzed under a substantially identical standard, *see Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). Given this analogous standard, the changed factual circumstances, and the judicial economy considerations with respect to the Third-Party Defendants' pending motion to dismiss, the Court will address Defendants' motion now.

    3. <u>Plaintiff's Quiet Title Claim</u>

"The purpose of a quiet title action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he or she may be entitled to." *Deutsche Bank Nat'l Tr. Co. v. Pyle*, 220 Cal. Rptr. 3d 691, 699 (Cal. Ct. App. 2017) (internal quotation marks, citation, and brackets omitted). To state a claim to quiet title, "the complaint shall be verified" and must include all of the following: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is

sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ. Proc. § 761.020.

Defendants and Third-Party Defendants argue Plaintiff fails to state a claim for quiet title because there is no controversy over title. The Court agrees.

Plaintiff cannot state a claim for a determination of quiet title as of February 16, 2021, the day the FAC was filed, because at that time, the Grant Deed had already been cancelled, eliminating any allegedly adverse claim by Defendants against the Property. *See West v. JPMorgan Chase Bank, N.A.*, 154 Cal. Rptr. 3d 285, 303 (Cal. Ct. App. 2013) (holding plaintiff could not satisfy adverse claim element of quiet title where defendant no longer had interest in the property); *Colyear v. Rolling Hills Cmty. Assn. of Rancho Palos Verdes*, 9 Cal. App. 5th 119, 136, 214 Cal. Rptr. 3d 767, 781 (Cal. Ct. App. 2017) (holding quiet title claim was moot because there was no adverse claim against plaintiff's property at the time FAC was filed).

However, under California's quiet title statute, a plaintiff may seek a date of determination other than the date the action was filed. Cal. Code Civ. Proc. § 761.020. Here, Plaintiff seeks a quiet title determination as of March 13, 2020 (FAC ¶ 26),[5] arguing a controversy over title existed on the dates on which the Grant Deed was executed and recorded.

Nevertheless, Plaintiff fails to establish that a *present* controversy exists as to title on the dates in question. Even assuming the Grant Deed constituted an adverse claim against the Property at the time it was recorded, it has since been cancelled by joint motion of the parties. There is no dispute between the parties that Plaintiff had title to the Property on the dates in question. Moreover, Plaintiff no longer has title to the Property and

---

[5] Plaintiff concedes this date is an error and the correct dates for which he seeks a determination are March 30, 2020, and April 6, 2020, the dates the Grant Deed was executed and recorded. (Pl.'s Opp'n to Defs.' Mot. to Dismiss, ECF No 54, at 8; Pl.'s Opp'n to Third-Party Defs.' Mot. to Dismiss, ECF No 55, at 8–9.) In any event, Plaintiff's FAC seeks a quiet title determination as of a date prior to the Grant Deed's cancellation and the subsequent sale of the Property.

Defendants do not presently claim an interest in the Property. Thus, Plaintiff's quiet title claim is moot because there is no active controversy and thus no need for declaratory relief. *See RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co.*, 56 Cal. App. 5th 413, 433, 270 Cal. Rptr. 3d 425, 444 (2020), *review denied* (Feb. 10, 2021) (finding "cause of action for quiet title was moot" because "there was no longer an 'active controversy' for declaratory relief; and injunctive relief was unnecessary"); Cal. Civ. Proc. Code § 1060 (declaratory relief requires "actual controversy"). Accordingly, the Court dismisses this cause of action.

    4. Fraud

The elements of a fraud claim are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Ct.*, 909 P.2d 981, 984 (Cal. 1996). Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard on claims alleging fraud, requiring a plaintiff to state with "particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b); *see Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("Rule 9(b)'s particularity requirement applies to state-law causes of action."). A plaintiff must set forth "the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106 (internal quotation marks and citation omitted).

Here, Plaintiff fails to sufficiently plead a fraud claim. Plaintiff appears to allege both that the Grant Deed itself was a false representation, and that Defendants made a misrepresentation by concealing or failing to disclose the Grant Deed's existence to Plaintiff. Plaintiff claims Defendants "willfully and fraudulently transferr[ed] the Property" via the Grant Deed, made a material misrepresentation by recording the Grant Deed, and "concealed the fact of this fraudulent transfer" from Plaintiff. (FAC ¶¶ 28–30.) Insofar as Plaintiff claims concealment or nondisclosure, he fails to allege that Defendants had a duty to disclose the fact of the Grant Deed to him, or that Plaintiff "would not have acted as he did if he had known of the concealed or suppressed fact." *Bank of Am. Corp.*

*v. Superior Ct.*, 130 Cal. Rptr. 3d 504, 509–10 (Cal. Ct. App. 2011) (setting forth elements for fraud based on concealment); *see Hoffman v. 162 N. Wolfe LLC*, 175 Cal. Rptr. 3d 820, 826 (Cal. Ct. App. 2014); *Foster v. Xerox Corp.*, 707 P.2d 858, 859 (Cal. 1985).

To the extent Plaintiff alleges the recording of the Grant Deed was itself a false representation, Plaintiff's assertions are contradictory. Plaintiff asserts "Defendants intended for Plaintiff to rely on the fact that Plaintiff believed he was still the legal owner of the Property." (FAC ¶ 31.) But if the alleged false representation is that Defendants owned the Property, as the Grant Deed purportedly indicated, it is unclear how such misrepresentation would induce Plaintiff to rely on his own belief that he owned the Property.[6] The Court finds Plaintiff has not alleged with sufficient particularity the circumstances of the fraud. Further, Plaintiff does not adequately plead how he relied on any alleged misrepresentation, beyond mere conclusory allegations. Accordingly, the Court dismisses this cause of action.

5. California Probate Code § 859

California Probate Code § 859 is a "punitive" statute which "provides for recovery of twice the value of property taken in bad faith." *Est. of Kraus*, 108 Cal. Rptr. 3d 760, 766 (Cal. Ct. App. 2010). The penalty is imposed "when an interested party establishes both that the property in question is recoverable under section 850 and that there was a bad faith taking of the property." *Id.*

Here, Plaintiff cannot establish the Property is recoverable under California Probate Code § 850. That section provides, in relevant part, that a trustee may file a claim for recovery of property under one of the following circumstances:

---

[6] Indeed, Plaintiff's FAC indicates Plaintiff believed he was the legal owner of the Property both prior to and after the Grant Deed's recording. Plaintiff does not allege that he believed at any point that Defendants owned the Property. Although Plaintiff alleges the Property was fraudulently transferred, he also alleges that the Grant Deed was void on its face, which would mean no valid transfer could have occurred. (*See* FAC ¶¶ 16, 31.)

   (A) Where the trustee is in possession of, or holds title to, real or personal property, and the property, or some interest, is claimed to belong to another.
   (B) Where the trustee has a claim to real or personal property, title to or possession of which is held by another.
   (C) Where the property of the trust is claimed to be subject to a creditor of the settlor of the trust.

Cal. Prob. Code. § 850(a)(3). The parties do not dispute that Plaintiff sold the Property to a third-party buyer in October 2020. Thus, Plaintiff cannot plausibly plead that he possesses, holds title to, or has a claim to the Property as required to state a claim for recovery under Probate Code § 850. Because the Grant Deed was cancelled pursuant to joint motion, Plaintiff further fails to plead that Defendants hold, or claim they hold, title or possession to the Property. Nor does Plaintiff plead that any wrongful taking occurred. Rather, the FAC alleges, and Defendants agree, that Plaintiff owned the Property at the time the Grant Deed was recorded, and the Grant Deed was void on its face because Mike Parra had no interest to convey. (FAC ¶ 16.) "If a deed purports to convey property that is not owned by the grantor, it is ineffective to convey the property." Miller & Star, 3 Cal. Real Est. § 8:58 (4th ed.); *see Bunch v. Indian Palms Vacation Club Owners Ass'n, Inc.*, No. EDCV 11-01963-VAP, 2013 WL 2155383, at *5 (C.D. Cal. May 16, 2013) ("As [Defendant] had no interest in the [real property] to convey, the . . . grant deed could not convey anything at the time it was executed."); *Seeley v. Seymour*, 237 Cal. Rptr. 282, 288 (Cal. Ct. App. 1987) ("An instrument void on its face casts no legal cloud on title and thus presents no cause for a court of equity to interfere.") (citing *Marshall v. Desert Properties*, 103 F.2d 551, 552 (9th Cir. 1939)). Plaintiff therefore fails to state a claim under Probate Code § 859, and the Court grants the motions to dismiss this claim.

  6. Leave to Amend Complaint

  Generally, when a court dismisses a complaint, leave to amend is granted "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citation omitted).

Here, the Court finds the deficiencies in Plaintiff's claims for quiet title and violation of Probate Code § 859 cannot be cured by the allegation of other facts and denies leave to amend these claims. However, the Court will grant Plaintiff leave to amend his fraud claim.

### B. Defendants' Motion for Leave to File Counterclaim

Defendants have filed a Counterclaim alleging claims against Plaintiff for breach of trust, breach of fiduciary duties, violation of California Probate Code §§ 850 and 859, and abuse of process (the "Counterclaim"), as well as a motion for leave to file the Counterclaim. (ECF Nos. 47, 48.)

Plaintiff first contends Defendants' counterclaims are compulsory and therefore barred because Defendants did not assert the claims in their answer to Plaintiff's original complaint. *See* Fed. R. Civ. P. 13(a)(1). However, Plaintiff's reliance on *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 536 (9th Cir. 1995), is unavailing. As Defendants point out, the rule in *Hydranautics* states: "If a party has a counterclaim which is compulsory and fails to plead it, it is lost, and cannot be asserted in a *second, separate action* after conclusion of the first." *Id.* (emphasis added) The court did not hold that a counterclaim is barred within an action where it is not asserted in response to an original complaint. The Court declines to make such a finding here.

The question is thus whether Defendants were permitted to file their Counterclaim as a matter of right, or whether they are required to seek leave to do so. Under Rule 13, a court "may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. P. 13. Neither the Federal Rules of Civil Procedure nor the Ninth Circuit have squarely addressed whether a defendant can assert new counterclaims in response to an amended complaint as a matter of right, or whether leave of court is required.

Defendants explain they believe their counterclaims were properly filed as a matter of right under the permissive approach, as applied in *City of West Sacramento v. R & L Business Management*, No. 2:18-CV-900 WBS EFB, 2019 WL 2249630 (E.D. Cal. May 23, 2019), but they have filed the instant motion in case leave is required. Under this

11

approach, "a defendant served with an amended complaint may amend its answer as of right without being limited by the scope of the changes made in the amended complaint." 2019 WL 2249630 at *1 (citing *Coppola v. Smith*, No. 1:11-CV-1257 AWI BAM, 2015 WL 2127965, at *2 (E.D. Cal. May 6, 2015)).

However, "most district courts within the Ninth Circuit apply the moderate approach," under which "newly alleged counterclaims are allowed as of right only to the extent they directly relate to changes in the amended complaint." *Id.* (citations omitted); *see UDAP Indus., Inc. v. Bushwacker Backpack & Supply Co.*, No. CV 16-27-BU-JCL, 2017 WL 1653260, at *3 (D. Mont. May 2, 2017) ("District courts within the Ninth Circuit continue to apply to [sic] the moderate approach because it is consistent with Rule 15 and 'is the most equitable and manageable' of the three.")  The Court will therefore follow this approach.

Under this approach, Defendants' Counterclaim is not permitted as of right because it does not directly relate to changes in the FAC.  Although factual developments relevant to this action—the cancellation of the Grant Deed and the sale of the Property—have occurred between the filing of the complaint and the FAC, they are not directly alleged in the FAC.  Rather, Plaintiff's FAC removed two causes of action and added Erika Parra in her capacity as Executor of the Estate of Jose Miguel Parra.  The Court thus turns to the question of whether to grant Defendants leave to file the Counterclaim.

The standard for a motion for leave to file a counterclaim is the same as the standard governing a motion for leave to amend a pleading under Federal Rule of Civil Procedure 15(a).  *A & M Petroleum, Inc. v. Markel Ins. Co.*, No. 13CV2903-GPC DHB, 2015 WL 3466014, at *1 (S.D. Cal. June 1, 2015) (citing *Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 947 (C.D. Cal. 1996). Under Rule 15(a), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(3).  "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).  In determining whether to grant leave, courts consider whether there is "undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff argues leave should be denied on the basis of undue delay, prejudice, and judicial economy. Delay alone is an insufficient ground to deny a motion for leave, *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981), and it is "the consideration of prejudice to the opposing party that carries the greatest weight," *Eminence Cap., LLC*, 316 F.3d at 1052. Plaintiff bears the burden of showing prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The Court finds Plaintiff has not met his burden to show leave should be denied.

First, Plaintiff argues Defendants unduly delayed in filing their Counterclaim because they had actual knowledge of their claims at the time they filed their answer to the original complaint on July 6, 2020. However, Defendants' Counterclaim is largely premised on events which did not occur until later, including Plaintiff's alleged failure to distribute the proceeds from the sale of the Property, which sale did not occur until October 2020, and Plaintiff's alleged abuse of process based on the filing of the FAC on February 16, 2021. Next, Plaintiff argues the Counterclaim will prejudice him because it will require reopening of discovery as to Erika Parra, require Plaintiff to defend causes of action beyond the scope of the FAC, and cause further costly litigation. The Court finds these considerations are not so unduly prejudicial to Plaintiff as to warrant denial of leave to file the Counterclaim. Moreover, the issues are sufficiently related such that judicial economy is best served by trying the Counterclaim as part of the present suit, contrary to Plaintiff's contention that the Counterclaim should be the subject of a separate lawsuit. This action has been pending in this Court for over a year and discovery is proceeding. Requiring Defendants to file their Counterclaim separately would impose additional costs on the court and on the parties. The Court accordingly grants Defendants leave to file their Counterclaim.

///

## IV.

## CONCLUSION AND ORDER

For the reasons set out above, Defendants' and Third-Party Defendants' motions to dismiss are granted, and Defendants' motion to file counterclaim is granted. The Court accepts Defendants' counterclaims as filed. Plaintiff may file a Second Amended Complaint within fourteen (14) days of this order.

**IT IS SO ORDERED**.

Dated:  May 20, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court